UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCISCO FIGUEROA, | : |
| Plaintiff, | : |
| V. | : PRISONER |
| | : Case No. 3:05CV862(RNC) |
| BENJAMIN MAURO, et al., | : |
| Defendants. | : |

RULING AND ORDER

Plaintiff, a Connecticut inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 against ten Bridgeport police officers alleging that they used excessive force when effecting his arrest on May 6, 2002.  The defendants have moved to dismiss the action on the ground that it is barred by the three-year statute of limitations that applies to § 1983 excessive force claims in Connecticut.  See Lounsbury v. Jeffries, 25 F.3d 131, 133-34 (2d Cir. 1994).  Because there is some uncertainty as to the date the complaint was filed, the motion to dismiss is denied.

A pro se prisoner's complaint is deemed filed on the date it is given to prison authorities for mailing to court.  See Houston v. Lack, 487 U.S. 266, 270 (1988); Walker v. Jastremski, 430 F.3d 560, 562 n. 1 (2d Cir. 2005).  The complaint indicates that it was signed by the plaintiff on May 1, 2005, five days before the statute of limitations expired.  Giving the plaintiff the benefit of reasonable inferences, it is possible that he gave the

complaint to prison authorities for mailing to court on or before May 6.  Since it is not clear that he failed to do so, the action cannot be summarily dismissed.  See Ortiz v. Cornetta, 867 F.2d 146, 148 (2d Cir. 1989).[1]

Accordingly, defendants' motion to dismiss [doc. # 7] is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 24th day of July 2006.

```
               _____\s_____
                        Robert N. Chatigny
                    United States District Judge
```

---

[1]  Defendants argue that their motion to dismiss may be granted because plaintiff has failed to demonstrate that he satisfied the statute of limitations.  See Defs.' Mem. In Support of Mot. To Dismiss at 3 (citing Sidney v. Wilson, 228 F.R.D. 517 (S.D.N.Y. 2005)).  Consistent with the Second Circuit's opinion in Ortiz, however, uncertainty as to when plaintiff gave the complaint to prison officials for mailing precludes summary dismissal.